IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Rhonda Hill Wilson, et al., | : | CIVIL ACTION |
| | : | NO. 20-3384 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| Hartford Casualty Co., et al., | : | |
| | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                    September 30, 2020

## I.    INTRODUCTION

Plaintiffs Rhonda Hill Wilson and The Law Office of Rhonda Hill Wilson ("Plaintiffs") allege that Hartford Casualty Company ("Hartford") and their broker-agent, USI Insurance Services, LLC ("USI") (together, "Defendants") breached their insurance contract and obligations to Plaintiffs by denying their claim for insurance coverage arising from the interruption of their business caused by the Coronavirus and resulting governmental COVID-19 closure orders.

Plaintiffs' Amended Complaints are identical and contain three Counts against both Defendants: I) A request for declaratory relief under the Declaratory Judgment Act regarding whether Plaintiffs are entitled to coverage under the insurance

policy for their past and future losses; II) Breach of Contract;
and III) Injunctive Relief enjoining denials of coverage.

Hartford removed this case to federal court on July 10,
2020. Plaintiffs filed a Motion to Remand to state court and a
Motion to Dismiss for lack of subject matter jurisdiction (which
also contains a request to remand). Both Defendants filed
Motions to Dismiss for failure to state a claim with respect to
all Counts.

Plaintiffs' Motion to Remand will be denied because the
correct amount in controversy to consider is the one in the
initial Complaint, which was in effect at the time of removal.
Plaintiffs' Motion to Dismiss for lack of subject matter
jurisdiction and request to remand will also be denied for the
same reason and because the legal claims are independent of the
declaratory claim. Hartford's Motion to Dismiss for failure to
state a claim will be granted with respect to all Counts because
a virus exclusion applies and the exemptions to it are
inapplicable here. USI's Motion to Dismiss for failure to state
a claim will be granted with respect to all Counts for the same
reason and also because they were not a party to the contract.
Leave to amend will not be granted with respect to any of
Plaintiffs' claims because it would be futile.

## II.  BACKGROUND

Plaintiff Rhonda Hill Wilson is an attorney who is the sole owner of the Law Office of Rhonda Hill Wilson, P.C. (the second Plaintiff), which is located and does business in Philadelphia, Pennsylvania. Defendant Hartford is an insurance company incorporated in Delaware with its principal place of business in Indiana. Defendant USI Insurance Services is incorporated in North Carolina with its headquarters in New York, and is authorized to do business in Pennsylvania as a licensed property/casualty insurance broker-agent of Hartford.

Prior to 2019, Plaintiffs obtained and maintained an insurance policy ("Policy") from Hartford through their broker-agent, USI. As relevant here, the Policy specifically includes Civil Authority coverage for business interruptions caused by order of a civil authority, Lost Business Income & Extra Expense coverage, Extended Business Income coverage, and Business Income Extension for Essential Personnel coverage, as well as Limited Fungi, Bacteria, or Virus coverage, which is limited to $50,000.

The Civil Authority provision of the Policy at issue applies to the actual loss of business income sustained when access to the policyholder's scheduled premises is prohibited by order of a civil authority as the direct result of a Covered Cause of Loss to property in the immediate area of the scheduled premises. The Policy also provides coverage to pay for lost

3

business income due to the necessary suspension of a policyholder's operations, regardless of whether the loss was the result of a civil authority order. However, the suspension must be caused by direct physical loss of or physical damage to property at the scheduled premises, caused by or resulting from a Covered Cause of Loss.

On March 19, 2020, the Law Office of Rhonda Hill Wilson was required to close because of various COVID-19 governmental closure orders prohibiting non-life sustaining business.[1] Plaintiffs allege that as a result, they suffered direct and actual losses due to COVID-19. Plaintiffs claim they suffered a Covered Cause of Loss to property because the Coronavirus caused direct physical damage and loss of property at their scheduled premises. Plaintiffs allege that the Coronavirus causes physical harm to property so as to impair its value, usefulness and/or

---

[1]    Plaintiffs are presumably referring to the following orders: 1) All Non-Life-Sustaining Businesses in Pennsylvania to Close Physical Locations as of 8 PM Today to Slow Spread of COVID-19, Governor Tom Wolf (Mar. 19, 2020), https://www.governor.pa.gov/newsroom/all-non-life-sustaining-businesses-in-pennsylvania-to-close-physical-locations-as-of-8-pm-today-to-slow-spread-of-covid-19/#:~:text=Governor%20Tom%20Wolf%20today%20ordered,01%20a.m.%20Saturday%2C%2 0March%2021.; 2) Emergency Order Temporarily Prohibiting Operation of Non-Essential Businesses and Congregation of Persons to Prevent the Spread of 2019 Novel Coronavirus (COVID-19), Office of the Mayor (Mar. 22, 2020), https://www.phila.gov/media/2020032213074 6/Order-2-Business-And-Congregation-Prohibition-Stay-At-Home.pdf; 3) Order re: General Statewide Judicial Emergency, Supreme Court of Pennsylvania (Mar. 18, 2020), http://www.pacourts.us/assets/files/page-1305/file-8634.pdf; and 4) Emergency Judicial Order, Idee C. Fox, President Judge, Philadelphia Court of Common Pleas (Mar. 17, 2020), https://www.courts.phila.gov/pdf/regs/2020/10-of-2020-PJ-ORDER.pdf.

normal function, and renders property physically unsafe and unusable, resulting in the physical loss of the property.

Plaintiffs allege that "[i]t is probable that COVID-19 particles have been present at Plaintiffs' building and premises described in the Policy during the Policy period," Pls.' Am. Compl. ¶ 34, and that the Limited Fungi, Bacteria, or Virus Coverage therefore applies to them as well. They further allege that due to the closure orders, Plaintiffs have suffered and continue to suffer substantial lost business income and other financial losses.

Plaintiffs submitted timely insurance claims to Defendants on April 12, 2020, and Hartford responded via letter the next day (April 13) stating that their investigation was complete and Plaintiffs were not entitled to coverage under the Policy.

Based on these facts and allegations, Plaintiffs filed identical Amended Complaints containing three Counts against both Defendants: I) A request for declaratory relief under the Declaratory Judgment Act; II) Breach of Contract; and III) Injunctive Relief enjoining denials of coverage. Hartford timely removed this case to federal court. In response, Plaintiffs filed a Motion to Remand to state court and a Motion to Dismiss for lack of subject matter jurisdiction. Both Defendants have filed Motions to Dismiss for failure to state a claim with respect to all Counts. These motions are now before the Court.

## III. LEGAL STANDARD

### A. Motion to Dismiss for Failure to State a Claim

A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering such a motion, the Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." DeBenedictis v. Merrill Lynch & Co., 492 F.3d 209, 215 (3d Cir. 2007).

To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Although a plaintiff is entitled to all reasonable inferences from the facts alleged, a plaintiff's legal conclusions are not entitled to deference, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

The pleadings must contain sufficient factual allegations so as to state a facially plausible claim for relief. See, e.g., Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). "A claim has facial plausibility when

6

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). In deciding a Rule 12(b)(6) motion, the Court limits its inquiry to the facts alleged in the complaint and its attachments, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**B. Motion to Remand/Dismiss for Lack of Jurisdiction**

The Court may exercise diversity jurisdiction over cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). A civil action brought in a state court may be removed to the district court in the district where the state action is pending if the district court had original jurisdiction over the case. Id. § 1441(a).

Because federal courts are courts of limited jurisdiction, 28 U.S.C. § 1441 is to be strictly construed against removal. La Chemise Lacoste v. Alligator Co., 506 F.2d 339, 344 (3d Cir. 1974). And "[i]f at any time before final judgment it appears

that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A motion to remand is evaluated under the "same analytical approach" as a Rule 12(b)(1) motion challenging subject matter jurisdiction. See Papp v. Fore-Kast Sales Co., 842 F.3d 805, 811 (3d Cir. 2016).

## IV. DISCUSSION

### A. Motion to Remand

Plaintiffs allege that this case should be remanded to state court because the amount in controversy in their Amended Complaint requests damages not in excess of $70,000 and therefore does not exceed $75,000. Diversity of citizenship is not contested.

This Court and the Third Circuit have held that "[t]he amount in controversy is determined as of the date of removal; that is, a plaintiff may not subsequently amend a complaint so as to defeat federal jurisdiction." Kobaissi v. Am. Country Ins. Co., 80 F. Supp. 2d 488, 489 (E.D. Pa. 2000) (citations omitted); see also Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002) (stating that a district court's evaluation of the amount in controversy shall be based on the "plaintiff's complaint at the time the petition for removal was filed"); Lieb v. Allstate Prop. & Cas. Ins. Co., 640 F. App'x 194, 196 (3d Cir. 2016) ("When assessing whether allegations in a state-court complaint are sufficient to support removal to federal court, we

8

look to the complaint that was in effect when removal
occurred."). As a result, Plaintiffs' invitation to consider the
amount in controversy stated in the Amended Complaint as the
relevant amount will be declined.

It is not the removing defendant's burden to prove to a
legal certainty that the plaintiff is entitled to recover more
than $75,000 when the plaintiff has not specifically averred in
the Complaint that he or she is entitled to an amount below the
jurisdictional threshold. In seeking remand, "the *challenger* to
subject matter jurisdiction" must prove to a legal certainty
that "the amount in controversy *could not exceed* the statutory
threshold." Frederico v. Home Depot, 507 F.3d 188, 195 (3d Cir.
2007). In the final analysis, the rule "does not require the
removing defendant to prove to a legal certainty the plaintiff
can recover [the amount in controversy] - a substantially
different standard." Judon v. Travelers Prop. Cas. Co. of Am.,
773 F.3d 495, 501 (3d Cir. 2014) (quoting Frederico, 507 F.3d at
195).

Plaintiffs' initial Complaint sought declaratory relief for
the first claim, and in the ad damnum clause for each of six
more claims, damages in excess of $50,000. Specifically, the
initial Complaint sought recovery for: Count II) breach of the
insurance contract for failing to cover Plaintiffs' alleged
COVID-19 losses; Count III) statutory bad faith for denying

coverage for Plaintiffs' COVID-19 claim; Count IV) breach of the covenant of good faith and fair dealing; Count V) fraudulent misrepresentation with respect to the scope of coverage; Count VI) unjust enrichment; and Count VII) injunctive relief.[2] See Pls.' Initial Compl. 15, 17-19, 21-22. Plaintiffs also sought, among other things, punitive damages and attorneys' fees.

Plaintiffs' statement in their Motion to Remand that "the ad damnum clause in Plaintiffs' initial Complaint requested an amount not in excess of Fifty Thousand ($50,000.00) Dollars," Pls.' Mot. to Remand 5, is therefore inaccurate. However, Plaintiffs continue to inexplicably assert that their initial Complaint contained the appropriate ad damnum clause necessary for submission to an arbitration panel. It is true that judicial districts in Pennsylvania can set local rules requiring civil cases with amounts in controversy less than $50,000 to be submitted to an arbitration panel. 42 PA. Stat. and Cons. Stat. § 7361 (West 2020). Philadelphia's Court of Common Pleas has adopted this arbitration requirement, but it states that "[e]xcept as provided hereunder, all cases having an amount in

---

[2]     Defendants argue that all six of these claims for damages can be aggregated, resulting in an amount in controversy in excess of $300,000. This is not necessary for the Court to determine, however, because at least two of the claims can certainly be aggregated: Count VI (unjust enrichment) requests damages in excess of $50,000 for all of the money that Plaintiffs paid for the insurance policy, while Count II (breach of contract) requests damages in excess of $50,000 for lost business income due to the Coronavirus. These two claims alone would result in damages in excess of $100,000, and this is before consideration of Plaintiffs' requests for punitive damages and attorneys' fees.

controversy, exclusive of interest and costs, of $50,000 <u>or less</u> shall be assigned to the Compulsory Arbitration Program of the Court of Common Pleas of Philadelphia County." Phila. Civ. R. 1301 (emphasis added). Since Plaintiffs sought damages in their initial Complaint <u>in excess of</u> $50,000 for each of six claims (at least two of which can be aggregated) in addition to punitive damages and attorneys' fees, they cannot plausibly claim that they are entitled to an arbitration panel under local law.

Since the amount in controversy is determined as of the date of removal, the relevant amount according to the initial Complaint is damages well in excess of $75,000. The Plaintiffs are therefore incorrect that the burden falls on the Defendants. Since Plaintiffs do not attempt to show that the relevant amount in controversy could not exceed the statutory threshold, Plaintiffs' Motion for Remand will be denied.

**B. Motion to Dismiss for Lack of Jurisdiction**

Plaintiffs seek to dismiss this case for lack of subject matter jurisdiction and remand to state court on two separate grounds. First, Plaintiffs allege that the Court lacks subject matter jurisdiction because the amount in controversy under the Amended Complaint is now less than $75,000. However, as discussed previously, jurisdiction is assessed based on the

claims asserted in the complaint at the time of removal, and the
removed Complaint sought damages well in excess of $75,000.

Next, Plaintiffs argue that the Court lacks jurisdiction
because they assert a claim for declaratory relief alongside
their legal claims. However, Third Circuit precedent forecloses
this argument. When a complaint includes claims for both
declaratory and legal relief, courts in the Third Circuit apply
the "independent claim" test to determine whether a district
court has discretion to decline jurisdiction. The Third Circuit
adopted the independent claim test over competing approaches in
2017 to "prevent[] plaintiffs from evading federal jurisdiction
through artful pleading." Rarick v. Federated Serv. Ins. Co.,
852 F.3d 223, 229 (3d Cir. 2017).

Under the independent claim test, the Court first
determines whether the legal claims are independent of the
declaratory claims, meaning that the legal claims "are alone
sufficient to invoke the court's subject matter jurisdiction and
can be adjudicated without the requested declaratory relief."
Id. at 228 (quoting R.R. St. & Co., Inc. v. Vulcan Materials
Co., 569 F.3d 711, 715 (7th Cir. 2009)). "If the legal claims
are independent, the court has a 'virtually unflagging
obligation' to hear those claims," provided that the
"exceptional circumstances" laid out in Colorado River do not
apply. See id. (quoting Colo. River Water Conservation Dist. v.

United States, 424 U.S. 800, 817 (1976)). Exceptional circumstances do not apply here since there are no parallel pending state court proceedings, which Plaintiffs concede.

This Court has held multiple times that legal claims are independent of claims for declaratory relief when applying Rarick to insurance coverage disputes. See, e.g., Cont'l Cas. Co. v. Westfield Ins. Co., No. 16-cv-5299, 2017 WL 1477136, at *4-5 (E.D. Pa. Apr. 24, 2017) (in an insurance coverage dispute with similar claims, the Court held that it was required to maintain jurisdiction over the suit -- the breach of contract claims were both "jurisdictionally independent," in that they satisfied the requirements for diversity jurisdiction under 28 U.S.C. § 1332; and "substantively independent," because the claims involving money would not cease to exist if "the request for a declaration simply dropped from the case"; and "[c]laims can be substantively independent even though they are based on the same underlying legal obligation"); Schodle v. State Farm Mut. Auto. Ins. Co., No. 17-cv-407, 2017 WL 1177133, at *2 (E.D. Pa. Mar. 30, 2017) (denying policyholder plaintiff's motion to remand in auto insurance coverage dispute, holding that the policyholder's legal and declaratory claims were independent) ("The breach of contract claim is the essence of this lawsuit. The insured surely wants monetary relief, not simply a declaration of his rights.").

13

Plaintiffs argue that the Court should nevertheless decline
to hear the case because of the factors set forth in Kelly v.
Maxum Specialty Insurance Group that a district court should
consider when determining jurisdiction of a case involving a
claim for declaratory judgment. 868 F.3d 274, 283 (3d Cir.
2017). However, Kelly is inapplicable here since it addressed
factors that courts should consider in determining whether to
abstain from hearing a case "in actions seeking only declaratory
relief." Id. at 282 (emphasis added). The correct test to apply
here is the one laid out in Rarick (as previously discussed).
See 852 F.3d 223.

Additionally, to the extent that Plaintiffs' motion can be
construed as a request for certification to the Pennsylvania
Supreme Court, given that, according to Plaintiffs, the legal
issues in the case are unsettled under Pennsylvania law, their
request will be denied. District courts in the Third Circuit do
not have authority to refer cases to the Pennsylvania Supreme
Court; only the United States Supreme Court and United States
Courts of Appeals have that authority. See Pa.R.A.P. Rule 3341.

The legal claims found in the Plaintiffs' initial Complaint
appear to be both jurisdictionally and substantively independent
(and Plaintiffs do not argue otherwise) of the requested
declaratory relief since they satisfy the requirements for
diversity jurisdiction under 28 U.S.C. § 1332 (as discussed

14

previously) and would not cease to exist if the request for a declaration simply dropped from the case. As a result, they are alone sufficient to invoke the Court's subject matter jurisdiction. The Court therefore will retain jurisdiction and deny Plaintiffs' Motion to Dismiss for lack of subject matter jurisdiction.

### C. Hartford's 12(b)(6) Motion to Dismiss

In insurance contract disputes such as this one, where the Plaintiffs allege a wrongful denial of coverage, it is necessary to analyze the claim in three steps: 1) Whether the Plaintiff's claim falls within the scope of coverage; 2) Whether the Defendant has asserted any affirmative defenses, such as a policy exclusion; and 3) Whether there are any applicable exemptions from the exclusion. See 17 Steven Plitt et al., Couch on Insurance ch. 245(3d ed. 2020). As explained below, even assuming that Plaintiffs' claim falls within the scope of coverage, a virus exclusion applies here and the Plaintiffs do not fall within any exemption to the exclusion.

The issue in this case is fundamentally an issue of contract interpretation. Under Pennsylvania law,[3] "[c]ontract

---

[3] In a diversity case, the forum state's choice of law rules govern. Gen. Star Nat. Ins. Co. v. Liberty Mut. Ins. Co., 960 F.2d 377, 379 (3d Cir. 1992). Under Pennsylvania's choice of law rules, a contract is construed according to the law of the state with the "most significant contacts or relationship with the contract." Hammersmith v. TIG Ins. Co., 480 F.3d 220, 228 (3d Cir. 2007). The Policy was issued to Wilson in Pennsylvania and provides coverage per the terms of the Policy for insured property located in

15

interpretation is a question of law that requires the court to
ascertain and give effect to the intent of the contracting
parties as embodied in the written agreement." In re Old Summit
Mfg., LLC, 523 F.3d 134, 137 (3d Cir. 2008) (quoting Dep't of
Transp. v. Pa. Indus. for the Blind & Handicapped, 886 A.2d 706,
711 (Pa. Commw. Ct. 2005)); United States v. Sunoco, 637 F.
Supp. 2d 282, 287 (E.D. Pa. 2009); Gene & Harvey Builders, Inc.
v. Pa. Mfrs.' Ass'n Ins. Co., 517 A.2d 910, 913 (Pa. 1986).

When the language of an insurance policy is clear and
unambiguous, a court applying Pennsylvania law is required to
give effect to that language. 401 Fourth St., Inc. v. Inv'rs
Ins. Grp., 879 A.2d 166, 171 (Pa. 2005); see also Sentinel Ins.
Co., Ltd. v. Monarch Med Spa, Inc., 105 F. Supp. 3d 464, 471
(E.D. Pa. 2015). Courts may not "distort the meaning of the
language or resort to a strained contrivance in order to find an
ambiguity." Madison Const. Co. v. Harleysville Mut. Ins. Co.,
735 A.2d 100, 106 (Pa. 1999) (citing Steuart v. McChesney, 444
A.2d 659, 663 (Pa. 1982)).

### 1. **Scope of Coverage Under the Policy**

As relevant here, and as discussed in more detail above in
Section II, the Policy at issue specifically includes Civil
Authority coverage for business interruptions caused by order of

---

Pennsylvania. Accordingly, we can assume for purposes of this motion that
Pennsylvania law applies.

a civil authority, Lost Business Income & Extra Expense
Coverage, Extended Business Income coverage, and Business Income
Extension for Essential Personnel coverage, as well as Limited
Fungi, Bacteria, or Virus Coverage (one of the exemptions to the
virus exclusion), which is limited to $50,000 and will be
discussed in greater detail below. It is not necessary for the
Court to decide whether Plaintiffs' claim falls within the scope
of coverage, because even assuming that it does, a virus
exclusion applies here and the Plaintiffs do not fall within any
exemption to the exclusion.

### 2. **A Virus Exclusion Bars Coverage in This Case**

This Court and the Third Circuit have regularly granted
motions to dismiss in insurance cases when the plaintiff's
allegations fall squarely within the policy's exclusions to
coverage. See Brewer v. U.S. Fire Ins. Co., 446 F. App'x 506,
510 (3d Cir. 2011) (affirming dismissal of complaint because the
unambiguous policy exclusion applied as a matter of law);
Nautilus Ins. Co. v. Shawn Owens Inc., 316 F. Supp. 3d 873, 878
(E.D. Pa. 2018) (finding exclusion barred insurance coverage
under policy and granting insurer's Rule 12(c) motion); Nautilus
Ins. Co. v. Motel Mgmt. Servs., Inc., 320 F. Supp. 3d 636, 643
(E.D. Pa. 2018), aff'd, 781 F. App'x 57 (3d Cir. 2019) (granting
insurer's Rule 12(c) motion because the assault and battery
exclusion comprehensively barred all conduct alleged).

Plaintiffs' Amended Complaint is misleading when it references the Limited Fungi, Bacteria, or Virus Coverage. The Policy actually includes a virus <u>exclusion</u> which states that Hartford "will not pay for loss or damage caused directly or indirectly by . . . [p]resence, growth, proliferation, spread or any activity of 'fungi', wet rot, dry rot, bacteria or virus." <u>See</u> Hartford's Mot. to Dismiss Ex. A 119. The exclusion applies "regardless of any other cause or event that contributes concurrently or in any sequence to the loss" and "whether or not the loss event results in widespread damage or affects a substantial area." <u>Id.</u> Plaintiffs explicitly allege that their losses are caused by the Coronavirus, and yet do not reference this exclusion or dispute that Coronavirus is a virus.

The Third Circuit and this Court have upheld similarly unambiguous exclusions barring coverage for losses caused by hazardous substances or microorganisms. <u>See, e.g.</u>, <u>Certain Underwriters at Lloyds of London v. Creagh</u>, 563 F. App'x 209, 211 (3d Cir. 2014) (applying microorganism exclusion to bacteria); <u>Sentinel Ins. Co., Ltd. v. Monarch Med Spa, Inc.</u>, 105 F. Supp. 3d 464, 467, 471–72 (E.D. Pa. 2015) (enforcing exclusion of coverage for "[i]njury or damage arising out of or related to the presence of, suspected presence of, or exposure to" fungi, bacteria and viruses based on showing that Group A Streptococcus is a bacterium); <u>see also</u> <u>Alea London Ltd. v.</u>

Rudley, No. 03-CV-1575, 2004 WL 1563002, at *3 (E.D. Pa. July 13, 2004) (mold exclusion bars coverage for suit alleging mold contamination).

Pennsylvania courts have also enforced similar exclusions as unambiguous. See, e.g., Mount Pocono Motel Inc. v. Tuscarora Wayne Ins. Co., No. 9534 CIVIL 2013, 2014 WL 11351696, at *4 (Pa. Com. Pl. July 8, 2014) (ruling that the "Fungi or Bacteria exclusion" was clear and unambiguous and barred claims arising from mold).[4] Furthermore, exclusions are "effective against an insured if they are clearly worded and conspicuously displayed, irrespective of whether the insured read the limitations or understood their import." Frederick Mut. Ins. Co. v. Ahatov, 274 F. Supp. 3d 273, 283 (E.D. Pa. 2017). The Policy language here— including the defined term "specified cause of loss"—is conspicuously displayed, clear, and unambiguous.

---

[4]     While not binding on this Court, it is worthwhile to note that state and federal courts in other jurisdictions have concluded recently that virus exclusions like the one at issue here preclude insurance coverage for COVID-19 business income losses. See, e.g., Diesel Barbershop, LLC et al. v. State Farm Lloyds, No. 5:20-cv-461-DAE, 2020 WL 4724305, at *6 (W.D. Tex. Aug. 13, 2020); Gavrilides Mgmt. Co. et al. v. Mich. Ins. Co., Case No. 20-258-CB-C30 (Mich. Cir. Ct., Ingham Cnty. July 1, 2020). Plaintiffs argue that since the Pennsylvania Supreme Court has not spoken on the issue, the issue should be considered unsettled law. Even if the law is unsettled, federal courts have an obligation to interpret state law. If the state law is unsettled, the federal court must predict how the highest court of the state would resolve the issue. And, as explained before, the district courts in the Third Circuit do not have the authority to certify questions of unsettled law to the Pennsylvania Supreme Court.

### 3. **Plaintiffs Do Not Fall Under Any Exemptions**

Plaintiffs' reference to the Limited Fungi, Bacteria, or Virus Coverage demonstrates that they believe their claim falls into the second exemption of the virus exclusion. There are two unambiguous exemptions from the virus exclusion: "(1) When 'fungi', wet or dry rot, bacteria or virus results from fire or lightning; or (2) To the extent that coverage is provided in the Additional Coverage – Limited Coverage for 'Fungi', Wet Rot, Dry Rot, Bacteria and Virus with respect to loss or damage by a cause of loss other than fire or lightning." Hartford's Mot. to Dismiss Ex. A 119. The Policy makes clear that the latter exemption "only applies when the 'fungi', wet or dry rot, bacteria or virus is the result of": "(1) A 'specified cause of loss' other than fire or lightning" or "(2) Equipment Breakdown Accident." Id. at 120.

"Specified Cause of Loss" is defined to mean "[f]ire; lightning; explosion, windstorm or hail; smoke; aircraft or vehicles; riot or civil commotion; vandalism; leakage from fire extinguishing equipment; sinkhole collapse; volcanic action; falling objects; weight of snow, ice or sleet; water damage." Id. at 51. Plaintiffs do not attempt to plead any factual allegations that would allow the Court to reasonably infer that

the virus is a result of a "specified cause of loss" or
equipment breakdown.[5]

### 4. Separate Causes of Loss

To the extent that Plaintiffs allege that the governmental
closure orders are a separate cause of loss, Plaintiffs provide
no explanation as to why the Civil Authority coverage would not
be precluded by the virus exclusion. Nor could they. The virus
exclusion is "added to Paragraph B.1. Exclusions of . . . the
Special Property Coverage Form." See id. at 119. The Civil
Authority coverage is part of the Special Property Coverage
Form. Id. at 37.

Even assuming that the governmental closure orders are a
separate cause of loss, the virus exclusion would still bar
coverage because of the anti-concurrent causation clause in the
virus exclusion which states "[s]uch loss or damage is excluded
regardless of any other cause or event that contributes
concurrently or in any sequence to the loss." Id. at 119; see,
e.g., Colella v. State Farm Fire & Cas. Co., 407 F. App'x 616,

---

[5]     Plaintiffs argue that since the Pennsylvania Supreme Court recently
determined in Friends of Danny Devito v. Tom Wolf, 227 A.3d 872 (Pa. 2020)
that COVID-19 should be considered a natural disaster, "[i]t follows that the
language 'specified cause of loss' and 'direct physical loss' under COVID 19
and Pennsylvania law has to be determined by the Pennsylvania courts." See
Pls.' Resp. in Opp'n to Hartford's Mot. to Dismiss 9-10. It is unclear how
one follows from the other. Natural disaster is not listed as one of the
specified causes of loss, and since Plaintiffs concede that the Coronavirus
is, in fact, a virus, there is no ambiguity created by the court's ruling.
Furthermore, the case concerned executive authority and did not deal with an
agreed-upon insurance contract that contains a virus exclusion which limits
recovery. That is the central issue that we must focus on in this case.

622 (3d Cir. 2011) (anti-concurrent causation clause in insurance policy "negates the application" of the state's causation law) (applying Pennsylvania law); Brodzinski v. State Farm Fire & Cas. Co., No. CV 16-6125, 2017 WL 3675399, at *5 (E.D. Pa. Aug. 25, 2017) (coverage for claims for mold and rot prohibited by anti-concurrent clause preceding surface water exclusion).

As a result of the foregoing, Hartford's Motion to Dismiss will be granted with respect to all Counts. Plaintiffs' Breach of Contract claim (Count II) will be dismissed since an unambiguous virus exclusion in the Contract applies and none of the specified causes of loss in the second exemption could plausibly apply to Plaintiffs' case. Plaintiffs' claim for Declaratory Relief (Count I) will also be dismissed since it is predicated on the assumption that the Policy provides coverage, but an unambiguous virus exclusion bars coverage here. Lastly, Plaintiffs' claim for Injunctive Relief (Count III) will be dismissed since Plaintiffs do not explain how they fit into the second exemption of the virus exclusion (nor could they), so the Court cannot reasonably infer that Hartford wrongfully denied their claim or would continue to do so in the future.

### D. USI's 12(b)(6) Motion to Dismiss

Plaintiffs' claims will be dismissed against USI with respect to all three Counts for the same reasons enumerated

22

above and for one additional reason, which is that Plaintiffs do not attempt to plead any independent wrongdoing by USI. Plaintiffs concede that the Policy was between themselves and Hartford and that Hartford was the one to deny coverage. While USI may have been involved in the procurement of the Policy, it is not a party to the Policy. See Conquest v. WMC Mortg. Corp., 247 F. Supp. 3d 618, 640 (E.D. Pa. 2017) (holding that two insurance brokers could not be liable for a breach of contract since they were not parties to the insurance contract).

Consequently, all three of Plaintiffs' claims, which relate to the Policy itself, will be dismissed with respect to USI since Plaintiffs have not pled any facts that would allow the Court to reasonably infer that USI had co-responsibility with Hartford in making coverage determinations. Even if Plaintiffs could somehow demonstrate that USI is liable under an agency theory,[6] their claim would fail on the merits for the reasons discussed above.

**E. Leave to Amend**

Leave to amend should be freely granted. Foman v. Davis, 371 U.S. 178, 182 (1962). In this case, however, all of Plaintiffs' claims will be dismissed with prejudice since the

---

[6]     Plaintiffs allege that they can maintain a cause of action against USI under an "agency theory." This would stand agency theory on its head. USI, the agent, would be the one responsible for the actions of the Principal, Hartford.

virus exclusion and its exemptions are clear and unambiguous and none of the specified causes of loss in the second exemption could plausibly apply to Plaintiffs' case. Leave to amend would therefore be futile.

**V. Conclusion**

For all of the aforementioned reasons, Plaintiffs' Motions to Remand and Dismiss for lack of subject matter jurisdiction will be denied and Defendants' Motions to Dismiss for failure to state a claim will be granted with respect to all Counts. An appropriate Order follows.